BILLINGS, Judge.
The court of appeals affirmed the judgment of conviction of defendant John Keith Whitworth for carrying a concealed weapon in violation of § 571.030.1(1), RSMo Supp.1984, ruling that the trial court did not commit error in permitting, over defendant’s objection, an assistant prosecuting attorney to testify as a witness for the State. A dissenting opinion concluded the majority’s decision was in conflict with pri- or decisions of this Court and other courts of appeals and certified the case to this Court. Mo. Const, art. V, § 10. We affirm.
Marian Thompson owned and operated a liquor store in Jefferson County. At approximately 8:45 p.m. on December 7, 1981, a man entered the store and asked about a person not known to Thompson. As the man turned, Thompson observed a pistol, which had been concealed by the man’s jacket, protruding from his waistband. When Thompson saw the man’s hand move toward the pistol he pulled his own pistol and disarmed the man. Another man then approached the door of the store and the two men left together. Both men were approximately the same height and both had facial hair. As they drove off Thompson obtained the license number of the car and reported the incident to the sheriff’s office.
Larry Cossey was charged with the crime of carrying a concealed weapon arising out of these facts. On June 11, 1982, at his preliminary hearing Cossey was identified by Thompson as the man who en *231 tered his store with the gun underneath his jacket. The assistant prosecuting attorney representing the State at the preliminary hearing, was Marilyn Ruemmler.
After the preliminary hearing, defendant initiated a conversation with Ruemmler in the hallway outside the courtroom. According to Ruemmler, defendant said something about prosecuting the wrong people. When asked about his statement the defendant pointed to Cossey and said “me, I did it” and further, “the man already identified him and they can’t do anything to me now.”
Ruemmler immediately notified Cossey’s attorney of this conversation. She prepared notes of the matter and took the file to the prosecuting attorney and told him: “[Hjere’s what happened. I have written it out. I have now become, in essence, a defense witness in this case [the Cossey ease], and as a witness in this case, I can’t have anything else to do with it.”
On June 16, 1983, the present charge against defendant was commenced by information signed by the prosecuting attorney. The case was tried by another assistant prosecuting attorney. Thompson testified for the state. He said that on the afternoon of the Cossey preliminary hearing he had telephoned the prosecuting attorney’s office and said he thought he had mistakenly identified the second man who came to the store as the man with the gun. At trial he identified defendant as the man with the pistol.
Defendant unsuccessfully sought to prevent assistant prosecutor Ruemmler from testifying as a witness for the State, claiming she was disqualified by reason of ethical considerations because the prosecutor’s office where she was employed was prosecuting the case against the defendant. Ruemmler and defendant each testified about the conversation in the hallway. Defendant denied admitting that he committed the offense. He testified his statement to her was: “Well, what if it was me? Your witness has already identified Mr. Cossey as being the one in the store that night with the gun. His statement couldn’t be very good against me.”
The jury found defendant guilty and the court, after overruling his motion for new trial, sentenced defendant, as a prior offender, to a term of five years imprisonment.
The court of appeals opinion was filed August 13, 1985, and, as previously mentioned, certified to us by a dissenting judge. On December 17, 1985, this Court handed down State v. Johnson, 702 S.W.2d 65, in which we considered at some length, and rejected, contentions that the Canons of Ethics governing attorneys and previous appellate decisions prohibited and disqualified a nonparticipating assistant prosecuting attorney from testifying as a witness for the State when a defendant was being prosecuted by another prosecutor from the same prosecuting attorneys office.
Here, as in Johnson, the testifying assistant prosecutor did not participate in the prosecution of the defendant. For the reasons expressed in Johnson, defendant’s contentions are denied.
In the argument portion of his brief, defendant for the first time complains of a statement made by the prosecutor in his closing argument. By failing to object to the remarks and asserting such alleged error in his motion for new trial defendant failed to preserve his complaint for appellate review. Rule 29.11(d).
The judgment is affirmed.
HIGGINS, C.J., BLACKMAR, DONNELLY, WELLIVER, RENDLEN, JJ., and MANFORD, Special Judge, concur.
ROBERTSON, J., not sitting.